IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-189-MR-DCK

| | | |
|---|---|---|
| SNS HOSPITALITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CIS ASSOCIATES, LLC, GF MANAGEMENT, INC., G.F. MANAGEMENT OF NORTH CAROLINA, LLC, and BARBARA EVANS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Second Motion to Amend Complaint" (Document No. 30) timely filed on July 30, 2009. This motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the record, the undersigned will **grant** the motion for the following reasons:

"Rule 15(a) gives plaintiff the freedom to amend his complaint once as a matter of course before the filing of a responsive pleading." *Smith v. Blackledge,* 451 F.2d 1201, 1203 fn.2 (4th Cir. 1971). After the Plaintiff filed its Complaint, the Defendants moved to dismiss the case. (Document Nos. 11, 14). After a responsive pleading has been filed, a party may amend its own pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2); *Mayle v. Felix*, 545 U.S. 644, 663 (2005). Plaintiff seeks leave to amend the Complaint in order to include

additional facts and to restate its claims for relief.  The Defendants consent to the motion. (Document No. 21 "Stipulation").

Leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).  The present case is in its early stages, and the requested amendment of the complaint will not be prejudicial in any significant way.  The record before the Court does not reflect any basis to deny the Plaintiff's requested amendment on the basis of bad faith or futility.

The undersigned further notes that two motions to dismiss are currently pending.  "A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); *and see, e.g., Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C.);  *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006).  Defendant may, of course, refile their motions to dismiss with respect to the Second Amended Complaint.

**IT IS, THEREFORE, ORDERED** that the "Plaintiff's Second Motion to Amend Complaint" (Document No. 31) is **GRANTED;** the Defendants shall have up to and including

August 28, 2009 to answer or otherwise respond to the Second Amended Complaint; the two pending motions to dismiss (Document Nos. 11, 14) are **DENIED as moot without prejudice.**

**IT IS SO ORDERED**.

Signed: July 31, 2009

David C. Keesler
United States Magistrate Judge