# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO: 3:09-CV-189-GCM-DCK

| | |
|---|---|
| SNS HOSPITALITY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CIS ASSOCIATES, LLC, GF, ) | **RECOMMENDATION** |
| MANAGEMENT, INC., G.F. ) | |
| MANAGEMENT OF NORTH ) | |
| CAROLINA, LLC, and BARBARA ) | |
| EVANS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Renewed Motion To Dismiss Of Defendant Barbara Evans" (Document No. 37). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for review. Having carefully considered the record, the briefs, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff SNS Hospitality, LLC ("Plaintiff" or "SNS") commenced this action by filing its Complaint in the Superior Court of Mecklenburg County on April 8, 2009. (Document No. 1-1). Defendants CIS Associates, LLC, GF Management, Inc., G.F. Management of North Carolina, LLC (together "Corporate Defendants") and Barbara Evans ("Defendant" or "Evans") timely removed the action to this Court on May 8, 2009. (Document No. 1).

On June 18, 2009, Evans and the Corporate Defendants filed motions to dismiss. (Document Nos. 11, 14). Plaintiff filed an Amended Complaint (Document No. 28) on July 24, 2009, and then a Second Amended Complaint (Document No. 33) ("Complaint") on August 3, 2009. Defendant

Evans filed her pending "Renewed Motion To Dismiss..." (Document No. 37) and "Brief In Support..." (Document No. 38) with an attached affidavit in support (Document No. 38-1), on September 2, 2009. Plaintiff filed a response (Document No. 39) in opposition to the motion to dismiss on September 21, 2009, and Defendant filed her reply (Document No. 40) on October 5, 2009.

The Complaint asserts claims for alleged breach of contract, fraud, rescission, negligent misrepresentation, unfair and deceptive trade practices, civil conspiracy and punitive damages. (Document No. 33). Plaintiff purchased the Country Inn and Suites ("Country Inn") located in Charlotte, North Carolina, from Defendant CIS Associates, LLC ("CIS") on or about May 16, 2008, pursuant to an Agreement of Sale ("Agreement") entered into on April 11, 2008. (Document No. 33, ¶¶ 6, 46, 86). Plaintiff alleges that almost immediately after it began operating the Country Inn, sales revenues began to decline and have been significantly less than those represented to Plaintiff by Defendants. (Document No. 33 ¶¶ 128-129). Plaintiff further alleges that Defendants intentionally concealed information from it, knowingly provided false, inaccurate and incorrect information, and destroyed other information related to operation of the Country Inn. (Document No. 33 ¶¶ 131-132). Essentially, Plaintiff contends that Defendants' actions were for the purpose of selling the Country Inn at an inflated price and that those actions have caused it significant damages.

Defendant Evans alleges that the claims against her individually should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,

416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim s.r.l., No. 3:05-CV-420-GCM, 2006 WL 3780422 at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction over a person must be answered by a two step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. General Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. May 31, 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997).

3

## III. DISCUSSION

Defendant Evans asserts that the Complaint fails to allege facts sufficient to show that a North Carolina court can exercise personal jurisdiction over her and that dismissal is appropriate under Rule 12(b)(2). Evans contends that personal jurisdiction is not authorized by the North Carolina Long Arm Statute, N.C. Gen. Stat. § 1-75.4, and that the exercise of jurisdiction would not comport with due process. When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Engineers, Inc. v. Geometric Limited, 561 F.3d 273, 278 (4th Cir. 2009) citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989); see also, Sweezy v. Specialized Bicycle Components, Inc., 3:08-CV-268-GCM, 2009 WL 382719 at *1 (W.D.N.C. Feb. 12, 2009).

A federal court exercises personal jurisdiction over a defendant in the manner provided by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). The court must first consider whether the forum state's long-arm statute authorizes personal jurisdiction. Consulting Engineers, 561 F.3d at 277.

### A. Long-Arm Statute

The North Carolina Long-Arm Statute authorizes the exercise of jurisdiction over a defendant in twelve circumstances. N.C. Gen. Stat. § 1-75.4(1)-(12). Plaintiff first argues that Evans is "squarely within North Carolina's long-arm jurisdiction under N.C. Gen. Stat. § 1-75-4(8)." (Document No. 39, pp.8-9). The statute relied upon by Plaintiff provides:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of

>   the following circumstances:
>
>   . . .
>
>   > (8) Director or Officer of a Domestic Corporation.-- In any action against a defendant who is or was an officer or director of a domestic corporation where the **action arises out of the defendant's conduct as such officer or director or out of the activities of such corporation** while the defendant held office as a director or officer.

N.C. Gen. Stat. § 1-75.4(8)(emphasis added).

Plaintiff argues that Evans' position as "a director and an officer of Center City, which is a North Carolina Corporation" brings her within the ambit of the statute. (Document No. 39, p.8). However, as Defendant notes, Center City "is not a party to this lawsuit, and thus the corporate conduct of its officers and directors is not at issue in this litigation." (Document No. 40, pp.2-3). This action does not arise out of Defendant's conduct as an officer or director of Center City; rather, it arises from the alleged action, or inaction, of the named defendants. Plaintiff cites no caselaw or other authority in support of its argument that Evans' role with Center City, a non-party, subjects her to the long-arm statute for purposes of this case. As a result, the undersigned is persuaded by Defendant's argument that N.C. Gen. Stat. § 1-75.4(8) should not be stretched to reach Evans on the facts alleged by Plaintiff.

Next, Plaintiff contends that because Corporate Defendants fall within the reach of the long-arm statute, this Court's in personam jurisdiction over Evans is cemented. (Document No. 39, p.10). Plaintiff argues that multiple actions Evans is alleged to have taken on behalf of those Corporate Defendants are attributable to her personally for purposes of establishing her minimum contacts with North Carolina. (Document No. 39, p.10). Again, Plaintiff fails to cite any legal authority to support its position.

In response, Defendant contends that Plaintiff has failed to make the required showing that

Evans is subject to the long-arm statute independent of the Court's jurisdiction over the Corporate Defendants. (Document No. 40, p.3), citing Mountain Funding, LLC v. Blackwater Crossing, LLC, 3:05-CV-13-GCM, 2006 WL 1582403 at *2 (W.D.N.C. June 5, 2006) ("Personal jurisdiction over a limited liability company does not automatically extend to its members"). Another fairly recent decision by this Court bolsters Defendant's argument:

> "Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation.... Personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." Specifically, the Fourth Circuit has held that personal jurisdiction cannot be established based solely upon an individual's telephone calls or letters sent to the forum state. "To conclude that such activity establishes presence in a state would upset generally held expectations ... and redefine the nature of state sovereignty." . . . The record only reflects the individual Defendants' scant actions made on behalf of their corporate employer, and the undersigned cannot find an independent basis to constitutionally exercise personal jurisdiction over them.

Smith v. Dade Behring Holdings, Inc., 1:05-CV-86-LHT-DLH, 2007 WL 152119 at *3 (W.D.N.C. Jan. 16, 2007) (internal citations omitted).

Here, as will be discussed in greater detail below, Plaintiff's claim for jurisdiction primarily hangs on one or two phone calls Defendant participated in from Pennsylvania, and two packets she mailed to an agent of Defendant CIS. Plaintiff has failed to cite any precedent, and the undersigned is aware of none, to support the argument that these scant actions made in her representative capacity for Defendants CIS or GF Management, bring her within the reach of any of the provisions of North Carolina's long-arm statute.

Plaintiff has thus failed to meet its burden of establishing that the long-arm statute authorizes personal jurisdiction over this individual defendant. Although Plaintiff's failure to meet its burden of establishing personal jurisdiction pursuant to North Carolina's long arm-statute is sufficient to

grant the motion to dismiss, the undersigned will also address the due process analysis. See Mountain Funding, LLC v. Blackwater Crossing, LLC, 3:05-CV-13-GCM, 2006 WL 1582403 at *2; see also, Uniprop v. Home Owners Funding Corp., 753 F. Supp. 1315, 1321 (W.D.N.C. 1990).

**B. Due Process**

If personal jurisdiction is authorized under the long-arm statute, a court must next consider whether there are sufficient contacts with the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. There are two categories of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

    1. General Jurisdiction

"The Fourth Circuit has described the threshold level of minimum contacts required for general jurisdiction as 'significantly higher than for specific jurisdiction' and as 'very substantial, indeed.'" Sweezy, 2009 WL 382719 at *2 quoting EASB Group, 126 F.3d at 623-24. In the instant case, Plaintiff contends that Defendant "has repeatedly signed and filed annual reports, applications for certificates of authority, articles of amendment, and property tax listings ... more than 24 times" and that "[t]hese actions alone are sufficient to invoke the general jurisdiction of this Court." (Document No. 39, pp.13-14).

Defendant acknowledges in the "Affidavit of Barbara Evans" (Document No. 38-1) ("Affidavit") her contact with North Carolina in the past ten years in an official capacity with various corporate entities. (Document No. 38-1, ¶ 17). Moreover, the Affidavit provides that any

7

communication or contact Defendant has had with the Plaintiff, the contested sale at the heart of this case, or other contact with this forum, has been in her capacity as a representative of Corporate Defendants, not in her individual capacity. (Document No. 38-1). Plaintiff has not come forward with affidavits or other evidence to counter that of Defendant, particularly regarding its claim that Evans, *individually*, has sufficient contacts to justify general (or specific) jurisdiction. See IMO Industries, 2006 WL 3780422 at *1 citing Dowless v. Warren-Rupp Houdailles, Inc., 800 F.2d 1305, 1307 (4th Cir.1986) ("where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist . . . plaintiff must come forward with affidavits or other evidence to counter that of the defendant.").

It is undisputed that the various signing and filing by Evans of documents has been in her representative capacity of various corporate entities. (Document No. 33, ¶¶ 29-44). Defendant argues that the signing of various documents in her representative capacity is insufficient for an assertion of general jurisdiction. (Document No. 40, pp.6-7) citing Rauch v. Urgent Care Pharmacy, Inc., 178 N.C. App. 510, 518, (2006) and Mountain Funding, 2006 WL 1582403 at *2-3. The undersigned agrees. Even with some additional contacts specifically related to the allegations of the Complaint, this Defendant individually does not have the kind of "substantial" or "continuous and systematic" contacts or activities in the forum state to support general jurisdiction over her.

  2. Specific Jurisdiction

Specific jurisdiction is based on the concept that a party who enjoys the privilege of conducting business in the forum state should bear the reciprocal obligation of answering to legal proceedings in that forum state. International Shoe v. Washington, 326 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a

surrogate presence and thus render the sovereignty just.'" Consulting Engineers, 561 F.3d at 277-78 (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997). It is essential that Plaintiff show that Defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Each defendant's contacts with a forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984).

The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, Inc v. Digital Service Consultants, Inc., 293 F.3d at 712).

To the extent Plaintiff suggests that Evans is subject to personal jurisdiction in North Carolina because she is an owner and/or officer of the Corporate Defendants, it is well-settled that a defendant must herself have substantial contacts with the forum state in order to be subject to the personal jurisdiction of that state. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (holding that personal jurisdiction is proper only "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state"); see also, Smith, 2007 WL 152119 at *3 ("Plaintiff would need to show Defendants have independently and purposefully availed themselves to this forum to create the minimum contacts necessary...."). 

In addition to the allegations of various acts of signing and filing documents, Plaintiff also makes allegations related to the challenged transaction underlying this lawsuit. (Document No. 33). In particular, the Complaint alleges that (1) Evans participated in a conference call, along with

9

several others, making a statement that Plaintiff alleges was false; and (2) Evans, via a real-estate broker assisting with the transaction, provided packets of information to the Plaintiff. (Document No. 33, ¶¶ 47-50, 63-65, 81).

The undersigned is not persuaded that Defendant's participation in a phone call, and gathering of documents and information for two packets, purportedly in her capacity as a representative of Corporate Defendants, is so substantial as to amount to a surrogate presence in this forum and to support specific jurisdiction.

> An individual who has chosen simply to transact business in a state through a valid and viable corporation has not necessarily "purposefully avail[ed]" himself of "the privilege of conducting activities within ... [that] State" in his individual capacity. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Nor can it be said that he would "reasonably anticipate being haled into court" in the state in his individual capacity by virtue of the corporation's activities there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Calder v. Jones, 465 U.S. 783, 790 (1984) (employees' contacts with the state "are not to be judged according to their employer's activities there"); Shaffer v. Heitner, 433 U.S. 186, 213-16 (1977) (individuals' status as directors and officers of a corporation insufficient to sustain jurisdiction over them in the state of incorporation absent a statute to the contrary). No principle is more firmly embedded in corporation law than that a corporation exists separately and independently from its principals, and business people are entitled to rely upon the maintenance of that principle in structuring and managing their affairs.

Smith, 2007 WL 152119 at *9 (quoting Birrane v. Master Collectors, Inc., 738 F.Supp. 167, 169-70 (D.Md. 1990)).

In addition to describing Defendant's limited contacts in her representative capacity, the Affidavit further contends in pertinent part that Evans: has not visited North Carolina in at least ten years; has never owned or leased real property in North Carolina; never maintained a mailing address or telephone listing in North Carolina; does not sell goods or perform services in North

Carolina; is not a party to the Agreement; and has not negotiated nor made contracts in, or to be performed in, North Carolina. (Document No. 38-1).

Construing all relevant pleadings in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the undersigned does not find that application of the Fourth Circuit's three-part test for specific jurisdiction supports Plaintiff's position. See Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, Inc v. Digital Service Consultants, Inc., 293 F.3d at 712). Although some of Plaintiff's claims arise out of activities it alleges Defendant participated in and directed at the State, Plaintiff has not met its burden of showing by a preponderance of the evidence that this Defendant, individually, purposefully availed herself of the privilege of conducting activities in the State, or that the exercise of personal jurisdiction would be constitutionally reasonable. The alleged contacts simply appear to be too attenuated.

"[T]he Fourth Circuit has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., et al., 982 F.Supp. 350, 353 (D.Md. 1997).

> [T]elephonic (voice and facsimile) exchanges and mail correspondence from without the state. . . .do not provide a basis for the exercise of personal jurisdiction. See Stover, 84 F.3d at 137 ("the use of a telephone ... serves as an *alternative* to presence"); Cape, 932 F.Supp. at 128 ("Generally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process.")

Id. at 354. The undersigned cannot find that Defendant Evans' limited contacts described by Plaintiff are tantamount to a physical presence in North Carolina.

### IV. CONCLUSION

Based on the foregoing, Plaintiff has failed to meet its burden of establishing that North Carolina's long-arm statute and Defendant Evans' contacts with the forum state authorize the exercise of personal jurisdiction over her. Dismissal is appropriate pursuant to Rule 12(b)(2) because Defendant Evans, a resident and citizen of Pennsylvania, did not purposefully avail herself of the privilege of doing business in North Carolina to an extent sufficient to justify personal jurisdiction over her individually.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Renewed Motion To Dismiss Of Defendant Barbara Evans" (Document No. 37) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Graham C. Mullen.

**IT IS SO RECOMMENDED**.

Signed: July 2, 2010

David C. Keesler
United States Magistrate Judge