# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-189-GCM-DCK

| | |
|---|---|
| SNS HOSPITALITY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CIS ASSOCIATES, LLC, GF MANAGEMENT, INC., G.F. MANAGEMENT OF NORTH CAROLINA, LLC, and BARBARA EVANS,<br><br>    Defendants. | **CONSENT PROTECTIVE ORDER** |

To facilitate the production and receipt of information during discovery in this lawsuit, the parties have consented, through their respective counsel, to the entry of this Consent Protective Order for the protection of confidential and other commercial information that may be produced or otherwise disclosed during the course of this lawsuit. Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby **ORDERED** as follows:

1. After carefully reviewing materials to segregate non-confidential from confidential information, a party (or a third party producing documents or providing deposition testimony) may designate any deposition testimony, information, materials or documents produced or furnished by that person pursuant to discovery or otherwise during the course of this litigation as "Confidential Information." Such a designation shall constitute a representation by the party and its counsel that they, in good faith, believe that the material so designated contains or constitutes at the time of the designation: (a) trade secrets or other information of a non-public nature considered by the producing party or person to be commercially or personally sensitive,

confidential and/or proprietary; or (b) other sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed sensitive by a non-party, and (c) that entry of a protective order is necessary to protect the producing party from unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c). Any such designations are to be reasonably limited both in subject matter and in time.

2. Any document or portion of a transcript, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Confidential Information as defined in paragraph 1 above shall be labeled by such party on each page of such document or on such physical object with the designation "Confidential." In lieu of marking the appropriate notation on the originals of documents, the party may mark the copies that are produced. All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information.

3. Confidential Information shall not be publicly disclosed, discussed, or disseminated directly or indirectly by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained through subpoena or document demand in another proceeding before a court of competent jurisdiction, or by summons or subpoena from any federal or state governmental agency or body. Except as expressly permitted herein or by further order of this Court, all

Confidential Information shall be maintained and kept by the other parties in this case in a fully confidential manner. Confidential Information shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 4 hereof.

4. The following persons (hereinafter called "Qualified Persons") shall be the only persons who will be permitted to have access to Confidential Information, and such access shall be permitted subject to the limitations set forth below:

(a) Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks.

(b) Each party, and any current or former partner, member, director, officer, employee or agent of a party who is requested by that party or any of its attorneys to work on or potentially testify at deposition or trial in this action;

(c) Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

(d) Any non-party witness in this litigation, and his or her counsel, may be provided with a copy of any document(s) produced by others and designated as "Confidential" for their review in preparation for or during their deposition or in preparation for their testimony at trial or a hearing in this litigation (provided that neither the witness nor his or her counsel may take notes concerning the substance of the

document(s) and that upon completion of the review, the document(s) shall be returned to counsel for the supplying party);

  (e)  Mediators and their staffs enlisted by all parties to assist in the resolution of this matter;

  (f)  Outside commercial copying services; and

  (g)  The Court and its personnel.

5. All persons receiving any Confidential Information under paragraphs 4(c) or 4(d) above shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be on the form annexed hereto. Counsel for each party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information pursuant to paragraphs 4(c) or 4(d).

6. A party may designate those portions of the transcript of a deposition that refer to matters deemed confidential pursuant to paragraph 1 above as Confidential Information by indicating on the record at the deposition that the testimony contains or reflects Confidential Information. A party may also designate portions of the transcript of a deposition as Confidential Information by notifying all parties in writing, within 30 days of receipt of the transcript of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in his possession, custody or control. In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as Confidential Information for a period of 30 days after a full and complete transcription of such deposition is available.

7. Any party may introduce any Confidential Information into evidence in connection with any proceedings in this litigation, including motion papers, affidavits, briefs,

other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court. To the extent any Confidential Information is filed with the Court, counsel filing the confidential material shall file it under seal in accordance with Local Rule 5.1.

8. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party may thereafter stamp or otherwise designate the document or other information as Confidential Information provided that the party gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than Qualified Persons, and thereafter such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other party.

9. Any inadvertent or unintentional disclosure by the supplying party of Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification: (i) any parties that have received

Confidential Information shall, going forward, comply with the requirements of this Order concerning such Confidential Information (including the requirements of paragraph 8 regarding attempting to retrieve Confidential Information in the hands or under the control of third parties), and (ii) any parties that have received copies of any inadvertently produced document or information subject to a claim of privilege or immunity shall either (a) promptly return it to the supplying party and destroy any other copies thereof (unless required to maintain the document by subpoena, summons, or other similar process, in which event the receiving party may maintain such document without use or reference thereto, provided that such receiving party must return or destroy it and any copies of it when no longer subject to subpoenas, summons, or the like from third parties and governmental entities, or when it is otherwise permissible to return or destroy the same), or (b) challenge the claim of privilege or immunity with respect to such document or information by filing an appropriate motion with the Court.

10. Unless required to maintain the document by subpoena, summons, or other similar process, within sixty (60) days after the final conclusion of this action, including all appeals:

a. The receiving party shall destroy all originals and copies of each document or object that another party has designated as Confidential Information (including both paper and electronic versions), and shall provide the designating party with an affidavit attesting to such destruction; or

b. In the alternative, the receiving party may either return all originals and copies of each document or object that another party has designated as Confidential Information to the designating party and destroy all electronic copies of such materials, and provide the designating

party with an affidavit confirming that all Confidential Information (including both paper and electronic versions) has been returned and/or destroyed.

If required to maintain any documents or electronically stored materials after the conclusion of this action by subpoena, summons, or other similar process, the receiving party may maintain such document without use or reference thereto, provided that such receiving party must return or destroy it and any copies of it when no longer subject to subpoenas, summons, or the like from third parties and governmental entities, or when it is otherwise permissible to return or destroy the same.

The provisions of this Order restricting the communication or use of Confidential Information shall survive the conclusion of this Action unless otherwise agreed in writing by the parties.

11. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition shall be informed by counsel, through a statement on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes videotape or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber or videographer or shall be delivered to the undersigned attorneys.

12. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these

proceedings with the designation of Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the information as Confidential Information shall have the burden of applying to the Court for an order deeming the information not to be Confidential Information as defined in paragraphs 1 and 2 above. Such application must be made within 10 days of written notice from the challenging party that the parties have reached an impasse regarding designation of the document(s) in question. The party making the Confidential Information designation shall not object to the designating party filing the information at issue with the Court under seal in order for the Court to resolve the matter. Any information designated as Confidential Information shall be subject to the terms of this Order during the resolution of any dispute pursuant to this paragraph.

13. Nothing shall prevent disclosures beyond the terms of this Protective Order: (a) by the party that designated the information as Confidential Information, (b) if the party that designated the information as Confidential Information consents to such disclosure, or (c) if the Court, after notice to all affected parties, orders such disclosure.

14. This Protective Order shall not be construed to prevent any person, including a Qualified Person, from making use of documents or information (a) lawfully in his or her possession prior to receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) available in any published material available to the general public, without fault of the disclosing party, (c) obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, (d) obtained lawfully and independently of any proceedings in this action, or (e) exempted from the operation of this Protective Order by written consent of the party producing such Confidential Information.

15. If, in another action or proceeding, any person possessing Confidential Information receives or has received a subpoena, summons, or document demand which seeks Confidential Information, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

16. Nothing in this Order shall prevent any person or entity from disclosing or providing any Confidential Information pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency or grand jury, and the notification and withholding procedures set forth above shall not apply in the case of any such request.

17. Nothing in this Order shall prevent any producing party from seeking additional protection regarding the production, use or disclosure of Confidential Information in connection with any hearing or other proceeding in this Action. Nothing in this Order shall prevent any party from opposing the production of any information for reasons other than confidentiality.

**IT IS SO ORDERED.**

Signed: March 21, 2011

David C. Keesler
United States Magistrate Judge

# ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Consent Protective Order entered in the case captioned *SNS Hospitality, LLC v. CIS Associates, LLC, GF Management, Inc., G.F. Management of North Carolina, LLC, and Barbara Evans,* Civil Action No. 3:09-CV-189-GCM, has had an opportunity to review the Consent Protective Order; and is fully familiar with all of the terms of the Consent Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Consent Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____